UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIDFIELD CONCESSION
ENTERPRISES, INC.,

    Plaintiff,                                        CASE NO. 2:14-cv-12174

v.                                                      HON. MARIANNE O. BATTANI

AREAS USA, INC., et al.,

    Defendants.

and

AREAS USA, INC.,

    Defendant/Counter-Plaintiff,

v.

MIDFIELD CONCESSION
ENTERPRISES, INC.,

    Plaintiff/Counter-Defendant,

and

SAMIR W. MASHNI,

    Counter-Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

### I.  INTRODUCTION

This matter is before the Court on Plaintiff Midfield Concession Enterprises, Inc.'s ("Midfield's") Motion to Remand. (Doc. 7.) Plaintiff filed its Complaint in Wayne County Circuit Court against Defendants Areas USA, Inc. ("Areas USA"), a Florida corporation, and Areas McNamara, JV, LLC ("Areas McNamara"), a Florida limited liability company

with Michigan members.  (Doc. 7, Ex. B.)  Defendants removed the action to federal court, asserting that Areas McNamara had been fraudulently joined.  (Doc. 1.)  Plaintiff, a Michigan corporation, has filed the present Motion to Remand, arguing that complete diversity does not exist and that there was no fraudulent joinder.  For the reasons that follow, the Court **DENIES** Plaintiff's motion.

## II.   STATEMENT OF FACTS

Midfield and Areas USA entered into an Amended Joint Venture Agreement ("Agreement") on June 28, 2007, for the purpose of operating food concessions at the Detroit Metropolitan Wayne County Airport ("Airport").  (Doc. 7, Ex. A.)  The Agreement contains a non-compete provision, stating that Midfield and Areas USA were not to compete for any food and beverage concessions at the Airport unless the other party did not wish to pursue a given business opportunity.  (Id. at p. 15.)   The Agreement is binding on the parties' "heirs, legal representatives, successors, and assigns."  (Id. at § 10.12.)

In July 2013, the Airport solicited bids for concession opportunities.  According to Plaintiff's allegations, Midfield informed Areas USA of its intent to bid on the upcoming concession opportunities in order to protect its current concessions, which included its most profitable operation at the Mediterranean Grill.  Midfield also inquired whether Areas USA intended to submit bids, to which Areas USA responded that it was uncertain.  Nonetheless, Midfield alleges that Areas McNamara, a direct affiliate and legal representative owned and controlled by Areas USA, submitted an unreasonable and excessive bid on the Mediterranean Grill in direct violation of the non-compete agreement.  Additionally, Midfield alleges that the Agreement enabled Areas USA to

2

acquire confidential profit and loss information associated with Midfield's operation of the Mediterranean Grill, which it divulged to Areas McNamara in order to formulate the bid. Based on this bid, the Mediterranean Grill was awarded to Areas McNamara on March 5, 2014. Midfield alleges that it was the second highest bidder for the Mediterranean Grill.

Midfield filed the present suit in Wayne County Circuit Court on May 5, 2014, asserting claims of breach of contract and unfair competition against both Defendants. (Doc. 1, Ex. A.) Defendants timely removed the action on June 2, 2014, arguing that this Court has subject matter jurisdiction on the basis of diversity. (Doc. 1.) While Midfield is a Michigan corporation and Areas USA is a Florida corporation, Areas McNamara is a limited liability company with at least one member who is a Michigan citizen. See Delay v. Rosenthal Collins Group, Inc., 585 F.3d 1003, 1005 (6th Cir. 2009) ("a limited liability company has the citizenship of each of its members"). Accordingly, Defendants argue that Areas McNamara has been fraudulently joined for the sole purpose of destroying complete diversity.

### III. STANDARD OF REVIEW

Defendants, as the removing parties, bear the burden of establishing a basis for this Court's subject matter jurisdiction. Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999). Removal of an action to federal court based on diversity jurisdiction is proper only when there is complete diversity at the time of removal. Id. at 492. "When a non-diverse party has been joined as a defendant, then in the absence of substantial federal question the removing defendant may avoid remand only by demonstrating that

the non-diverse party was fraudulently joined." Jerome-Duncan, Inc. v. Auto-By-Tel, LLC, 176 F.3d 904, 907 (6th Cir. 1999).

The Sixth Circuit has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999). To establish fraudulent joinder, it is the removing party's burden to prove that a plaintiff could not have established a reasonable basis for liability against non-diverse defendants under state law. Id. Coyne further explains:

> [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party." All doubts as to the propriety of removal are resolved in favor of remand.

Id. (quoting Alexander v. Elec. Data Sys. Corp., 13 F.3d 940 (6th Cir. 1994)). When deciding a motion to remand on the grounds of fraudulent joinder, courts apply a test "similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." Casias v. Wal-Mart Stores, Inc., 695 F.3d 428, 433 (6th Cir. 2012).

## IV. DISCUSSION

### A. Breach of Contract

Contracts are generally not binding on nonsignatories. See, e.g., Eberspaecher N. Am., Inc. v. Van-Rob, Inc., No. 06-12752, 2007 U.S. Dist. LEXIS 59627 at *14 (E.D. Mich. Aug. 15, 2007); AFSCME v. County of Wayne, 292 Mich. App. 68, 80 (Mich. Ct. App. 2011). However, the Michigan Court of Appeals has acknowledged that nonsignatories may be bound by agreements pursuant to contract-related legal principles including veil-piercing and alter ego theories. AFSCME, 292 Mich. App. at 81.

4

Under Michigan law, there is a presumption that the corporate form will be respected. Seasword v. Hilti, 449 Mich. 542, 547 (Mich. 1995). Accordingly, parent and subsidiary corporations are treated as distinct entities with separate obligations and liabilities. Id.; EWI Worldwide, Inc. v. Lifestyle Retail Partners, No. 295167, 2011 Mich. App. LEXIS 119 at *9 (Mich. Ct. App. Jan. 20, 2011). "This presumption, often called the 'corporate veil,' may be pierced only where an otherwise separate corporate existence has been used to 'subvert justice or cause a result that [is] contrary to some overriding public policy.'" Seasword, 449 Mich. at 547 (quoting Wells v. Firestone, 421 Mich. 641, 650 (Mich. 1984)). Michigan courts will not pierce the corporate veil unless (1) the corporate entity was a mere instrumentality of another entity or individual; (2) the corporate entity was used to commit a fraud or wrong; and (3) the plaintiff suffered an unjust loss. Foodland Distribs., Inc. v. Medley, 220 Mich. App. 453, 457 (Mich. Ct. App. 1996). Such an inquiry is highly dependent on the equities and unique factual circumstances of the situation. Servo Kinetics, Inc. v. Tokyo Precision Instruments Co., 475 F.3d 783, 798 (6th Cir. 2007).

Plaintiff's Complaint has alleged that Areas McNamara is a "direct affiliate and legal representative" of Areas USA and that it is "owned and controlled" by Areas USA. The Complaint contains no specific factual allegations supporting the assertion that Areas McNamara is controlled by Areas USA to the extent that it is a mere instrumentality. For example, Plaintiff does not allege facts such as shared corporate facilities, intermingling of corporate financing, common directors, under-capitalization of Areas McNamara, or 100% shareholder ownership of Areas McNamara by Areas USA. However, when deciding an issue of fraudulent joinder, the Court is not constrained to

5

consider only the pleadings and may review summary judgment evidence for undisputed facts.  See Casias, 695 F.3d at 433.  At hearing, Defendants clarified that Areas USA owns a 75% stake in Areas McNamara, which was formed in December 2013 with two other minority shareholder enterprises.

However, even assuming that Areas McNamara is a "mere instrumentality" of Areas USA, the facts do not support piercing the corporate veil.  The Agreement identifies Areas USA as the contracting party.  Plaintiff has appropriately named this entity as a defendant subject to breach of contract liability, and there is no impediment to the imposition of liability against Areas USA.  It is not alleged that Areas USA is a shell corporation holding itself out as a contracting party while Areas McNamara actually controls the corporation and its performance under the contract.  Rather, the facts suggest that such a relationship runs in the opposite direction – that Areas McNamara is acting on behalf of Areas USA, with the latter entity hiding behind the former.  Therefore, there is no need to pierce a corporate veil, as the controlling entity is the contracting party properly joined as a defendant.  Whether Areas USA breached the non-compete agreement by acting through Areas McNamara is an issue that may be preserved for discovery and further litigation.

Plaintiff is correct in arguing that the Agreement is binding on the signatories' "respective heirs, legal representatives, successors, and assigns."  (Doc. 7, Ex. A § 10.12.)  This provision appears to have been included in order to provide each party recourse in the event that the other conveyed its contractual rights or transferred ownership of the company to a third party.  See Willits v. Peabody Coal Co., No. 98-5458, 1999 U.S. App. LEXIS 21095 at *17-20 (6th Cir. Sept. 1, 1999).  Plaintiff does not

plead that Areas McNamara is Areas USA's legal successor in interest or that Areas USA conveyed its contractual rights and obligations to Areas McNamara. From the pleadings, it would appear that Areas USA continues to be the party bound by the terms of the Agreement.

Therefore, no reasonable basis exists for finding liability for breach of contract on the part of Areas McNamara.

### B. Unfair Competition

The Michigan Uniform Trade Secrets Act ("MUTSA") took effect in 1998 and includes a preemption provision stating that the "act displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." MICH. COMP. LAWS § 445.1908(2)(a). However, MUTSA does not displace contractual remedies or "other civil remedies that are not based on misappropriation of a trade secret." Id. at § 445.1908(2). Case law has interpreted this statute to eliminate common law claims where the operative facts are arguably cognizable under MUTSA. See Bliss Clearing Niagara, Inc. v. Midwest Brake Bond Co., 270 F. Supp. 2d 943, 948 (W.D. Mich. 2003) (adopting the rationale set forth in Learning Curve Toys, LP v. PlayWood Toys, Inc., No. 94 C 6884, 1999 U.S. Dist. LEXIS 11262 at *11-12 (N.D. Ill. July 20, 1999)). Further, "the disputed status of information as a trade secret does not preclude a court from determining whether a claim or claims are displaced by MUTSA." Bliss, 270 F. Supp. at 948-49.

The unfair competition claim alleged in the Complaint is premised on Areas McNamara "submitt[ing] an unreasonable bid on Package #6 [the Mediterranean Grill] using MCE's confidential information in order to unfairly compete with MCE." This

allegation resounds as a MUTSA trade secrets misappropriation claim.  The Complaint has alleged no conduct that could be deemed unethical or unfair irrespective of the alleged misappropriation.  Cf. Dana Ltd. V. Am. Axle & Mfg. Holdings, No. 1:10-CV-450, 2012 U.S. Dist. LEXIS 90064 at *38-39 (E.D. Mich. June 29, 2012) (finding defendant's targeted solicitation of plaintiff's employees for purposes not only of misappropriating trade secrets but also to enable defendant to compete unfairly in the marketplace to state a claim of unfair competition beyond a MUTSA claim).  Accordingly, this claim is preempted by MUTSA.

## V.  CONCLUSION

Because Plaintiff has failed to set forth any reasonable bases for liability against Areas McNamara, the Court disregards Areas McNamara's residency for the purposes of removal and jurisdiction.  Therefore, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

Date:    August 26, 2014

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 26, 2014.

s/ Kay Doaks
Case Manager